IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joshua Jeter, #314407, ) | Civil Action No.: 2:13-00460-JMC-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a pro-se state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petitioner's first Motion to Stay (Dkt. No. 10), Motion to Amend (Dkt. No. 18), and second Motion to Stay (Dkt. No. 19). The motions are related.

In Petitioner's original habeas petition, he raised the following grounds for relief:

> **GROUND ONE**: Ineffective assistance of counsel.
> **SUPPORTING FACTS**: Failure to advise of the desirability of accepting or rejecting a plea bargain.
>
> **GROUND TWO**: Ineffective assistance of counsel.
> **SUPPORTING FACTS**: Failure to ask for severance trial.
>
> **GROUND THREE**: Ineffective assistance of counsel.
> **SUPPORTING FACTS**: Failure to argue changed appearance.
>
> **GROUND FOUR**: Indictment & Information.
> **SUPPORTING FACTS**: I did not receive any indictments, warrants, or information for the charges of first degree burglary, attempted armed robbery, and poss[ession] of weapon.

(Dkt. No. 1.) On or about June 3, 2013, Petitioner filed a Motion to Amend his habeas petition. (See Dkt. No. 18.) Petitioner seeks to add the following grounds for relief to his petition:

> **GROUND FIVE**: Petitioner's sentence of life without parole, imposed for a crime he committed when he was a juvenile, violates the Eighth Amendment to the United States Constitution.
>
> **GROUND SIX**: Petitioner's sentence of life without parole violates the Eighth Amendment to the United States Constitution because the proceedings which led to its imposition were both procedurally and substantively inadequate.

(Dkt. No. 18.) Respondent did not file a Response in Opposition to the Motion to Amend.

A § 2254 petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part,

> **(1) *Amending as a Matter of Course*.** A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) *Other Amendments*.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). As the Fourth Circuit stated in Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986), "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."

The undersigned notes that, on or about May 25, 2013, Petitioner filed a second post-conviction relief action in the Spartanburg County Court of Common Pleas. (Dkt. No. 23-1.) Of the four claims raised in that second PCR action, two are identical to the claims Petitioner seeks to add to his federal habeas petition. (See Dkt. No. 18; Dkt. No. 23-1.) That PCR action, Joshua Jeter v. State of South Carolina, Civ. A. No. 2013-CP-42-2353, remains pending in the Spartanburg County Court of Common Pleas. Furthermore, as Petitioner notes, the case of Aiken et al. v. Byars et al., Appellate Case No. 2012-213286, is currently pending before the South Carolina Supreme Court. (See Dkt. No. 23-9.) It is not clear to the undersigned exactly which issues the South Carolina Supreme Court will address in its order; it is clear, however, that the case concerns, as Respondent notes, "juvenile sentencing to life without parole." (Dkt. No. 23 at 2.) A ruling in the Aiken case could easily have import in Petitioner's current actions.

As noted above, Petitioner seeks to amend his habeas petition. The undersigned concludes that such motion should be granted, and, as such, Petitioner's Motion to Amend (Dkt. No. 18) is hereby GRANTED.

Petitioner also seeks to stay the instant habeas proceeding. In his first Motion to Stay, Petitioner asked the Court to stay the instant matter because Petitioner is "currently in a class action appeal in the South Carolina Supreme Court" and because he "was just appointed a pro bono lawyer and . . . was informed that [the attorney] filed a post-conviction relief (PCR) application in the court of common pleas." (Dkt. No. 10.) In his second Motion to Stay, Petitioner seeks a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Petitioner states that an application for post-conviction relief "raising claims that are contained in [his] federal habeas petition was recently filed on [his] behalf in the Spartanburg County Court of Common Pleas." (Dkt. No. 19.) He states that he is "also currently a class member in an original habeas action pending before the South Carolina Supreme Court in which certiorari has recently been granted." (Id.)

The Respondent opposes the stay and contends that it is inappropriate in this action. The undersigned disagrees.

With the amendment allowed, Petitioner has a mixed petition of exhausted and unexhausted claims. In Rhines v. Weber, the Supreme Court addressed how " mixed " habeas petitions should be handled by district courts. In Rhines, the Court noted the "interplay" between the one-year statute of limitations in the AEDPA, 28 U.S.C. § 2244(d)(1), and the holding in Rose v. Lundy, 455 U.S. 509 (1982), which requires courts to dismiss "mixed" habeas petitions without prejudice in order to effectuate the requirement of "total exhaustion." Rhines, 544 U.S. at 274-75. In such cases, petitioners who come to federal court with a "mixed " petition "run the risk of forever losing their opportunity for any federal review [of their claims]" if the district court dismisses the case without prejudice close to or after the limitations period has expired. Id.

3

In Rhines, the Court noted that some district courts have adopted a "stay and abeyance" procedure to deal with this problem. The court can stay the petition and hold it in abeyance while the Petitioner returns to state court with his unexhausted claims. Id. at 275-76. The Court recognized, however, that this procedure frustrated the AEDPA's purposes of encouraging finality of state court judgments and streamlining federal habeas proceedings by encouraging petitioners to exhaust all their claims in state court before filing a federal petition. Id. at 276-77. For these reasons, the Court in Rhines held that stay and abeyance should be available only in limited circumstances and only within reasonable time limits established by the district court. Id. at 277. Since granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims. Furthermore, granting a stay and abeyance is only appropriate when it does not appear that the petitioner has engaged in abusive litigation tactics or in intentional delay. Id. at 278.

Respondent argues that a stay "may not be appropriate" because Miller v. Alabama, 132 S. Ct. 2455 (2012), "is not retroactive to the Petitioner's case." (Dkt. No. 23 at 1.) Respondent further contends that Miller "does not provide relief to the Petitioner because, unlike the parties in Miller, Jeter faced a possibility of 30 years or life sentence and the state court considered the Petitioner['s] youth, in addition to other mitigating factors such as his cooperation and remorse prior to deciding on a sentence of life without parole." (Dkt. No. 23 at 1.)

Under the circumstances presented in the instant case, the undersigned concludes that a stay is warranted. There is good cause for Petitioner's failure to raise the issues in Ground Five and Ground Six in his original PCR proceedings. The claims in Grounds Five and Six are not plainly meritless, and there is no indication that Petitioner has engaged in abusive litigation tactics or intentional delay. See Rhines, 544 U.S. at 277-78.

4

Wherefore, based upon the foregoing, the Petitioner's Motion to Amend (Dkt. No. 18) is GRANTED. It is further ORDERED that Petitioner's second Motion to Stay (Dkt. No. 19) is GRANTED. The matter is, therefore, administratively stayed until such time as Petitioner's Second PCR application is concluded.  Within ten (10) days, thereof, the parties should so notify the Court. Petitioner's first Motion to Stay (Dkt. No. 10) is DISMISSED as moot.

IT IS SO ORDERED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

September 24, 2013
Charleston, South Carolina