IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Jeter, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 2:13-cv-460-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner Joshua Jeter's (" Petitioner" or "Jeter") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 21, 2024, Respondent filed a motion for summary judgment (ECF No. 208), and the matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C.

The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedures and the possible consequences if he failed to respond to the motion. (ECF No. 209.) Petitioner filed a response in opposition to Respondent's motion for summary judgment on December 2, 2024. (ECF No. 214.)

On January 6, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment, dismiss this case with prejudice, and decline to issue a certificate of appealability. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days

of being served with a copy. To date, no objections have been filed.[1]

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. **Accordingly, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 218); the Court grants Respondent's motion for summary judgment (ECF No. 208); and the Court dismisses this case with prejudice.**

---

[1] Petitioner's father called the Clerk's office on March 12, 2024, stating that his son needed an extension of time. However, Petitioner's father was advised that Petitioner needed to file something in writing requesting an extension of time. To date, the Court has not received a written request from Petitioner for an extension of time.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 28, 2025
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).

Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Accordingly, the Court declines to issue a certificate of appealability.